IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ENGINEERED PLASTIC COMPONENTS, INC., | ] ] ] | |
| *Plaintiff,* | ] ] | |
| vs. | ] ] | Case No. |
| KING OF FREIGHT, LLC & VIVA EXPRESS, INC., | ] ] ] | |
| *Defendants.* | ] ] ] | |

**COMPLAINT**

COMES NOW Plaintiff, Engineered Plastic Components, Inc., by and through its undersigned counsel and for its cause of action against the above-captioned Defendants, states as follows:

**PARTIES & JURISDICTION**

1.      At all times material hereto, Engineered Plastic Components, Inc. ("Plaintiff") was an Iowa corporation doing business in the state of Kansas.

2.      At all times material hereto, King of Freight, LLC ("King of Freight") was a Kansas limited liability corporation with its principal place of business in Sedgwick County, Kansas.  King of Freight may be served through its registered agent, Michael A. Ricklefs, at 605 South Wichita Street, Wichita, Kansas 67202, or through other lawful means.

3.      At all times material hereto, Viva Express, Inc. ("Viva Express") was an Illinois corporation doing business in the state of Kansas.  Viva Express may be served through its registered agent, Vladimir Siryakov, at 2231 Somerset Lane, Mundelein, Illinois 60060, or through other lawful means.

1

4.      This case involves interstate shipment of goods overland from California to Kentucky based upon a written contract entered into between Plaintiff and King of Freight containing a venue provision in this Court.  King of Freight then further contracted with Viva Express pursuant to another agreement with a venue provision in this Court.

5.      This Court maintains subject matter jurisdiction, pursuant to 28 U.S.C. §§ 1331, 1332 and 49 U.S.C. § 14706 et seq.

6.      The amount in controversy exceeds the jurisdictional requirements of this Court.

**FACTUAL ALLEGATIONS**

7.      In August 2019, Plaintiff was required to ship an injection molding machine for thermoplastics ("the Unit") from Japan to its plant in Lebanon, Kentucky.

8.      The Unit was critical to Plaintiff's ability to fulfill contracts with its most valued customer.

9.      On or about August 13, 2019, Plaintiff and King of Freight entered into that certain Broker/Shipper Services Agreement ("the Agreement"), attached hereto as **Exhibit 1** and incorporated herein by reference.

10.      The purpose of the Agreement was for King of Freight to arrange overland transportation of the Unit from its arrival point in Long Beach, California to Plaintiff's Lebanon, Kentucky plant through a third-party motor carrier.

11.      Plaintiff, not being in the transportation business, wholly relied on King of Freight to carry out its duties under the Agreement, fulfill the representations contained on King of Freight's website, and touted by its representatives.

12.      On or about August 14, 2019, the Unit arrived at a port in Long Beach, California.

13.     On or about August 16, 2019, King of Freight retained Viva Express to serve as the carrier for the purposes of transporting Plaintiff's Unit ("the Carrier Agreement"). A true and accurate copy of the Carrier Agreement is attached hereto as **Exhibit 2** and incorporated herein by reference.

14.     That same day, the Unit was loaded onto a truck belonging to Viva Express, and operated by Kunis's Corporation ("Kunis"), who previously entered into that certain Master Agreement ("the Lease") with Viva Express on or about June 12, 2019. A true and accurate copy of the Lease is attached hereto as **Exhibit 3** and incorporated herein by reference.

15.     On August 21, 2019, the Unit arrived in Lebanon, Kentucky.

16.     On August 22, 2019, the Unit was offloaded from the transportation vehicle, at which point it was clear that the Unit had been significantly damaged at some point during overland transportation.

17.     Once Plaintiff confronted the driver regarding the Unit's damages, the driver immediately fled the scene.

## COUNT I – RECOVERY UNDER 49 U.S.C. § 14706 (CARMACK AMENDMENT)
### (Viva Express)

18.     Plaintiff restates the allegations of Paragraphs 1 – 17 as though fully set forth herein.

19.     On August 14, 2019, the Unit was delivered to a port in Long Beach, California in good condition, without damage.

20.     Viva Express served as a carrier of the Unit during overland transportation to its destination in Lebanon, Kentucky.

21.     On August 21, 2019, the Unit arrived at its destination in a damaged or diminished condition.

22.     As a result of Viva Express' actions, Plaintiff has suffered damages, including, but not limited to:

    a.     significant property damage in excess of $450,700.00; and

    b.     a host of reasonably foreseeable special and consequential damages in an amount to be determined at the time of trial.

WHEREFORE, Plaintiff pays for judgment against Viva Express under 49 U.S.C. § 14706, and in an amount to be determined as reasonable and proper at the time of trial, for compensatory and consequential damages, for costs of this action, for interest as allowed by law and for such other and further relief as the Court deems just and proper.

## COUNT II – BREACH OF CONTRACT
### (King of Freight)

23.     Plaintiff restates the allegations of Paragraphs 1 – 22 as though fully set forth herein.

24.     The aforementioned Agreement between Plaintiff and King of Freight was valid and enforceable.

25.     Plaintiff fully complied with all of its obligations under the Agreement.

26.     King of Freight materially breached the Agreement in one or more of the following particulars:

    a.     in failing to select one or more carriers who were in compliance with all applicable and material state, federal, and local laws, rules or regulations;

    b.     in failing to select one or more carriers who held satisfactory safety ratings;

    c.     in failing to select one or more carriers who held appropriate operating authorities;

4

d.      in failing to properly direct and / or supervise Viva Express and / or their subcontractor(s);

e.      in failing to instruct Viva Express and / or their subcontractor(s) to use a tractor-trailer, sufficient to safely transport the Unit;

f.      in failing to ensure that the Unit was shipped in compliance with state and federal requirements, including, but not limited to those concerning the shipment of overweight and over-height loads;

g.      in failing to secure adequate cargo insurance coverage, or otherwise ensure that Viva Express and / or their subcontractor(s) secured same;

h.      in failing to provide Plaintiff with a signed Bill of Lading; and

i.      in other particulars to be proven at trial.

27.     King of Freight's material breaches of the Agreement are a proximate cause of damages suffered by Plaintiff, including, but not limited to:

a.      significant property damage in excess of $450,700.00; and

b.      a host of reasonably foreseeable special and consequential damages in an amount to be determined at the time of trial.

WHEREFORE, Plaintiff pays for judgment against King of Freight in an amount to be determined as reasonable and proper at the time of trial, for compensatory and consequential damages, for costs of this action, for interest as allowed by law and for such other and further relief as the Court deems just and proper.

## COUNT III – NEGLIGENT SELECTION OF CARRIER
### (King of Freight)

28.     Plaintiff restates the allegations of Paragraphs 1 – 27 as though fully set forth herein.

29. Pursuant to the Agreement, King of Freight, alone, possessed the duty to select adequate carriers for the Unit's overland transportation.

30. King of Freight was negligent in one or more of the following particulars:

    a. in failing to select one or more carriers who were in compliance with all applicable and material state, federal, and local laws, rules or regulations;

    b. in failing to select one or more carriers who held satisfactory safety ratings;

    c. in failing to select one or more carriers who held appropriate operating authorities;

    d. in failing to adequately inquire into the sufficiency of carrier abilities held by Viva Express and / or their subcontractor(s) prior to their selection; and

    e. in other particulars to be proven at trial.

31. King of Freight's negligence is a proximate cause of damages suffered by Plaintiff, including, but not limited to:

    a. significant property damage in excess of $450,700.00; and

    b. a host of reasonably foreseeable special and consequential damages in an amount to be determined at the time of trial.

WHEREFORE, Plaintiff pays for judgment against King of Freight in an amount to be determined as reasonable and proper at the time of trial, for compensatory and consequential damages, for costs of this action, for interest as allowed by law and for such other and further relief as the Court deems just and proper.

## COUNT IV – BREACH OF THIRD-PARTY BENEFICIARY CONTRACT
### (Viva Express)

32. Plaintiff restates the allegations of Paragraphs 1 – 31 as though fully set forth herein.

33.     By entering into the Carrier Agreement, Viva Express agreed to serve as the carrier for purposes of safely transporting the Unit from Long Beach, California to its destination in Lebanon, Kentucky.

34.     The Carrier Agreement was intended to benefit Plaintiff.

35.     At all times pertinent hereto, Plaintiff was the Unit's owner.

36.     The Unit was damaged while the Carrier Agreement was in effect.

37.     Viva Express materially breached the Carrier Agreement in one or more of the following particulars:

    a.     in failing to deliver the Unit without damage, or otherwise in the same condition that it was received;

    b.     in utilizing a subcontractor to carry out its duties in contravention of the Carrier Agreement;

    c.     in failing to properly direct and / or supervise its subcontractor(s);

    d.     in failing to instruct its subcontractor(s) to use a tractor-trailer, sufficient to safely transport the Unit;

    e.     in failing to ensure that the Unit was shipped in compliance with state and federal requirements, including, but not limited to those concerning the shipment of overweight and over-height loads;

    f.     in failing to secure adequate cargo insurance coverage, or otherwise ensuring that its subcontractor(s) secured same;

    g.     in failing to provide Plaintiff with a signed Bill of Lading; and

    h.     in other particulars to be proven at trial.

38.    Viva Express's breach of the Carrier Agreement is a proximate cause of damages suffered by Plaintiff, including, but not limited to:

      a.      significant property damage in excess of $450,700.00; and

      b.      a host of reasonably foreseeable special and consequential damages in an amount to be determined at the time of trial.

WHEREFORE, Plaintiff pays for judgment against Viva Express in an amount to be determined as reasonable and proper at the time of trial, for compensatory and consequential damages, for costs of this action, for interest as allowed by law and for such other and further relief as the Court deems just and proper.

## COUNT V – NEGLIGENT SELECTION OF SUBCONTRACTOR
### (Viva Express)

39.    Plaintiff restates the allegations of Paragraphs 1 – 37 as though fully set forth herein.

40.    By entering into the Carrier Agreement, Viva Express possessed a duty to safely transport the Unit from Long Beach, California to its destination in Lebanon, Kentucky.

41.    Viva Express entrusted their duties under the Carrier Agreement to Kunis by entering into the Lease and allowing Kunis to transport the Unit. This entrustment was in contravention of Viva Express' contract with King of Freight to the detriment of Plaintiff, who is a third party beneficiary of said contract.

42.    Viva Express was negligent in one or more of the following particulars:

      a.      in failing to select a subcontractor who was in compliance with all applicable and material state, federal, and local laws, rules or regulations;

      b.      in failing to select a subcontractor who held satisfactory safety ratings;

c.   in failing to select a subcontractor who held appropriate operating authorities;

d.   in failing to adequately inquire into the sufficiency of Kunis' carrier abilities prior to their selection; and

e.   in other particulars to be proven at trial.

43.   Viva Express' negligence is a proximate cause of damages suffered by Plaintiff, including, but not limited to:

a.   significant property damage in excess of $450,700.00; and

b.   a host of reasonably foreseeable special and consequential damages in an amount to be determined at the time of trial.

WHEREFORE, Plaintiff pays for judgment against Viva Express in an amount to be determined as reasonable and proper at the time of trial, for compensatory and consequential damages, for costs of this action, for interest as allowed by law and for such other and further relief as the Court deems just and proper.

## COUNT VI – NEGLIGENCE
### (Viva Express)

**44.** Plaintiff restates the allegations of Paragraphs 1 – 43 as though fully set forth herein.

45.   Viva Express owed Plaintiff a duty to transport the Unit in a reasonable and prudent manner at all times relevant hereto.

46.   Viva Express failed to meet their duty of due care in one or more of the following particulars:

a.   in failing to deliver the Unit without damage, or otherwise in the same condition that it was received;

b.   in failing to properly inspect the Unit upon retrieval;

c.      in failing to act as a reasonable carrier under the circumstances then and there existing;

d.      in failing to properly direct and / or supervise Kunis and / or its representative(s);

e.      in failing to instruct Kunis and / or its representative(s) to use a tractor-trailer, sufficient to safely transport the Unit;

f.      in failing to ensure that the Unit was shipped in compliance with state and federal requirements, including, but not limited to those concerning the shipment of overweight and over-height loads;

g.      in failing to secure adequate cargo insurance coverage, or otherwise ensure that Kunis and / or its representative(s) secured same;

h.      in failing to provide Plaintiff with a signed Bill of Lading; and

i.      in other particulars to be proven at trial.

47. The damages sustained by Plaintiff fall within the scope of liability created by the negligent acts of Viva Express.

48. Viva Express' negligence is a proximate cause of damages suffered by Plaintiff, including, but not limited to:

a.      significant property damage in excess of $450,700.00; and

b.      a host of reasonably foreseeable special and consequential damages in an amount to be determined at the time of trial.

WHEREFORE, Plaintiff pays for judgment against Viva Express in an amount to be determined as reasonable and proper at the time of trial, for compensatory damages, for costs of

this action, for interest as allowed by law and for such other and further relief as the Court deems just and proper.

<b><u>JURY DEMAND</u></b>

COMES NOW the Plaintiff and hereby demands a trial by jury in the above cause of action. Pursuant to D. Kan. Local R. 40.2, Plaintiff will file a Designation of Place of Trial contemporaneous to the filing of its Complaint.

Respectfully submitted,

HUTTON & HUTTON

/s/ Blake A. Shuart, #24463
Blake A. Shuart, #24463
J. Darin Hayes, #16755
8100 E. 22nd St. N., Bldg. 1200
Wichita, Kansas 67226
Phone: (316) 688-1166
Fax: (316) 686-1077
E-Mail: Blake.Shuart@huttonlaw.com
*Attorney for Plaintiff*

*Pro Hac Vice Application to be Submitted:*

**WHITFIELD & EDDY, P.L.C.**
699 Walnut St., Suite 2000
Des Moines, IA  50309
Telephone: (515) 288-6041
Fax: (515) 246-1474
Email: goudelock@whitfieldlaw.com
gral@whitfieldlaw.com

By     */s/ Gary D. Goudelock Jr.*
Gary D. Goudelock, Jr.

By:     */s/ Nicholas J. Gral*
Nicholas J. Gral