# Master Agreement

Company Name: Viva express, inc.
Address: 440 W Colfax St. #2835, Palatine, IL 60078-2835

Company Name: KUNIS'S CORPORATION
Address: 4874 BROWN LEAF DRIVE, POWDER SPRINGS, GA   30127

This Contract is made into this 17th day of May, 2017, by and between Viva express, Inc. and its affiliate and or its successors

and  KUNIS'S CORPORATION,

Whereas, KUNIS'S CORPORATION is engaged in the transportation of general freight of all kinds (FAK) by their motor vehicle as contract
Carrier and desire to transport goods for VIVA EXPRESS, INC..

Whereas, KUNIS'S CORPORATION is also authorized by Department of Transportation by permit No. MC-659400, (a copy of such permit is attached hereto and made a part hereof) to provide transportation of property under contract with shippers and receivers of FAK, and such.

Whereas, VIVA EXPRESS, INC. is a motor carrier, licensed to arrange for the transportation of FAK by license Number MC-830274,  (a copy of such license is attached hereto and made part hereof)

NOW THEREFORE, In consideration of the premises and the mutual promise and conditions herein contained it is hereby agreed as follows:

1.      **General Provisions:**

a.      KUNIS'S CORPORATION, in its operations hereunder, shall secure all permits, licenses and approvals necessary for the accomplishment of the work to be done hereunder and shall comply fully with all applicable laws, rules, orders and regulation of all governments and agencies thereof, whether federal, state or local, and shall furnish VIVA EXPRESS, INC. with satisfactory evidence thereof whenever requested to do so.   Among other things, KUNIS'S CORPORATION shall provide to Federal Motor Carrier Safety Administration certificate showing KUNIS'S CORPORATION holds contract authority from such commission covering the commodities and transportation routes to which this agreement relates, and KUNIS'S CORPORATION shall give immediate notice to VIVA EXPRESS, INC. of any cancellation or modification of such authority.  When transporting hazardous wastes, substances to or materials pursuant this agreement, KUNIS'S CORPORATION shall comply with all applicable federal, state and local hazardous wastes, substances or materials laws and
regulations and shall furnish VIVA EXPRESS, INC. with satisfactory evidence thereof whenever requested to do so.

b.      The KUNIS'S CORPORATION hereby agrees to deliver for the VIVA EXPRESS, INC. for transportation, not less than the following amount:   one shipment of freight of all kinds (FAK) during a period of one (1) year. The KUNIS'S CORPORATION further agrees, subject to availability and loading tendered for transportation by VIVA EXPRESS, INC..

c.      All such cargo shall be transported hereunder in accordance with this agreement and the provisions of VIVA EXPRESS, INC.'s tariff's or service contracts applicable to such cargo.   Cargo shall include any containers, Pallets, Boxes, Crates, Barrels, Kegs, Cartons, Containers of all Kinds (CAK) in which goods are packed when received by KUNIS'S CORPORATION hereunder, The Container Shall remain Sealed and seal shall be open by the person entitled to their possession, or the consignee named in nonnegotiable

EXHIBIT 3.

bill, or a person in possession of negotiable bill, under section 80110 U. S. C. Duties to deliver goods.

d.      This agreement shall not be modified or altered unless in writing, signed by both parties to this agreement.

e.      This contract shall terminate all previous contracts between the parties hereto relating to the transportation Freight of all kinds (FAK) and shall remain in full force and effect for one (1) year from date hereof and from year to year thereafter, subject to the right of termination by either party at any time on thirty (30) days' notice in writing to the other party, and, in the event of such termination at any time other than the end of (1) or more years from date hereof, the minimum provided in paragraph 1 (b) shall be reduced by the proportion the unexpired portion of the years bears to one (1) year.

f.      It is to be clearly understood and it is the intention of the parties hereto that KUNIS'S CORPORATION shall employ all persons operating trucks hereunder, that such persons shall be and remain the employees of the KUNIS'S CORPORATION, that the KUNIS'S CORPORATION shall be an independent contractor of the VIVA EXPRESS, INC. and that nothing herein contained shall be construed to be inconsistent with that relation or status.

g.      It is further to be clearly understood that where the KUNIS'S CORPORATION engages any subcontractor for any portion of the work hereunder, such engagement will not alter the relationship of the KUNIS'S CORPORATION to the VIVA EXPRESS, INC. as an independent contractor and shall not establish any relationship or obligation between VIVA EXPRESS, INC. and any subcontractor. KUNIS'S CORPORATION will continue to be solely responsible for compliance with or performance for any subcontractors actually doing such work and will otherwise defend, indemnify and save harmless the VIVA EXPRESS, INC., its agents and servants from any such claims, liabilities, penalties and fines (whether criminal or civil), judgments outlays and expenses (including attorney's fees).

h.      KUNIS'S CORPORATION shall defend, indemnify and save harmless the VIVA EXPRESS, INC., its agents and servants from any and all liabilities, penalties and fines (whether criminal or civil), judgments, outlays and expenses (including attorney's fees) resulting from KUNIS'S CORPORATION's failure or the failure of KUNIS'S CORPORATION's agents, employees, subcontractors or representatives to comply with any applicable laws and regulations, whether federal, state or local, or property arising out of the performance of this agreement caused by the acts, failure to act or negligence of KUNIS'S CORPORATION, subcontractors, its agent, employees, or representatives.

i.      KUNIS'S CORPORATION will assume all liability for and will otherwise defend, indemnify and save harmless the VIVA EXPRESS, INC., its agents or servants from any and all liabilities, penalties and fines (whether criminal or civil). Judgments, outlays and expenses (including attorney's fees) resulting from any release or discharge of hazardous wastes, substances or materials that occurs during transportation and KUNIS'S CORPORATION will assume all responsibility and liability for cleanup of any release or discharge of hazardous wastes, substances or materials that occurs during transportation and will otherwise defend indemnify and save harmless the Shipper, its agents and servants from any and all liabilities, penalties and fines (whether

j.      KUNIS'S CORPORATION will defend, indemnify and save harmless the VIVA EXPRESS, INC., its agents and servants from any and all liabilities, penalties and fines (whether criminal or civil in nature), judgments, outlays and expenses (including attorney's fees) resulting from the KUNIS'S CORPORATION's failure or the failure of VIVA EXPRESS, INC.'s agents, employees, subcontractors or representatives to perform any of the terms, conditions, promises or covenants contained in this contract.

k.      VIVA EXPRESS, INC. shall have full responsibility for all payments, benefits, and rights of whatsoever nature to or on behalf of any of its own employees and to ensure that its subcontractor shall have the same responsibility towards its own employee.

l.      Any limitation on or exemption from liability in any tariff, receipt, bill of lading, or other document issued by or on behalf of KUNIS'S CORPORATION shall have no legal effect and shall not otherwise apply with respect to shipments tendered by or on behalf of VIVA EXPRESS, INC. unless specifically agreed in writing by the KUNIS'S CORPORATION. Any limitations on or exemptions from liability contained in a KUNIS'S CORPORATION's tariff, receipt, bill of lading, or other document issued in conjunction with a specific shipment moving under this Contract shall have no legal effect and shall not otherwise be applicable to such shipments.

1. **Receipts Of Goods**

a.  In the event when a bill of lading is not provided, KUNIS'S CORPORATION May issue a bill of lading for property it receives for transportation under this contract and shall be liable to the person entitled to recovery under the bill of lading. The liability imposed by this paragraph is for the actual loss of injury to the property cause by the KUNIS'S CORPORATION. Failure to issue a bill of lading does not affect the liability of the KUNIS'S CORPORATION. The KUNIS'S CORPORATION's liability shall remain the same under 49 U. S. C. 11707.

b.  The Bill of Lading shall note that the shipments were transported by VIVA EXPRESS, INC., acting as the carrier, and that the shipment was arranged by VIVA EXPRESS, INC., acting as the named carrier, or the name of underling shipper shall be inserted in the blank for the shipper, and the name of the consignee shall be inserted in blank for the consignee. In the event of assembled multiple shipments into a carload or a truckload lots, the list of underlying shippers shall be attached as an Appendix to the Bill of Lading.

c.  KUNIS'S CORPORATION agrees, upon receipt from VIVA EXPRESS, INC. of such quantities of VIVA EXPRESS, INC.'s goods as may be tendered from time to time under this agreement by VIVA EXPRESS, INC. or by a third party on behalf of VIVA EXPRESS, INC. to give VIVA EXPRESS, INC. a written receipt thereof, which shall be prima facie evidence of receipt of such goods in good order and condition unless otherwise noted upon the face of such receipt; and, in the case of transportation of hazardous wastes, substances or materials such written receipt shall be prima facie evidence of receipt of such wastes, substances or materials in a condition and manner which complies with all
applicable laws and regulations, whether federal, state or local.

d.  In the event that KUNIS'S CORPORATION elects to use a tariff, bill of lading, manifest or other form of freight receipt or contract, any terms, conditions and provisions of such bill of lading, manifest or other form shall be subject and subordinate to the terms, conditions and provisions of this Agreement, and in the event of a conflict between the terms, conditions and provisions of such tariff, bill of lading, manifest or other form and this Agreement, the terms, conditions and provisions of this Agreement shall govern.

e.  In the event of any tariff for unloading or loading, the KUNIS'S CORPORATION should notify VIVA EXPRESS, INC. prior to any kind of tariff required for the acts of loading or unloading,

f.  In the event of KUNIS'S CORPORATION being detained, the first 3 hours is considered to be industry norm, hence VIVA EXPRESS, INC. will not be charged or it would be a provision of this agreement, however after the first 3 hours, KUNIS'S CORPORATION is obligated to notify VIVA EXPRESS, INC. at the time of detention, and the consignee should issue a written receipt of arrival and departure time, and the signed (signature is a full legible name along with signature of the shipper or the receiver) copy should be sent to VIVA EXPRESS, INC. immediately before close of the books.

g.  KUNIS'S CORPORATION agrees to take signed receipts upon forms satisfactory to VIVA EXPRESS, INC. from all persons to whom deliveries shall be made, all receipts shall be made available to VIVA EXPRESS, INC. no more than 96 hours (4 days), and a copy shall be retained by KUNIS'S CORPORATION for at least two (2) years and shall be available for inspection and use of Shipper.

3.  **Care and Custody of Merchandise:**

a.      KUNIS'S CORPORATION hereby assume the liability of an insurer of the prompt and safe transportation of all goods entrusted to its care, and shall be responsible to VIVA EXPRESS, INC. for all loss or damage of whatever kind and nature and howsoever, caused to any and all goods entrusted to KUNIS'S CORPORATION hereunder occurring, while same remains in the care, custody or control of KUNIS'S CORPORATION or to any other persons to whom the KUNIS'S CORPORATION may have entrusted said goods and before said goods are delivered as herein provided or returned to VIVA EXPRESS, INC..

b.      KUNIS'S CORPORATION's liability shall begin at the time cargo is loaded upon KUNIS'S CORPORATIONs' equipment at point of origin, and continue until said cargo is delivered to the designated consignee at destination(s), or to intermediate stop-off parties.

d.      KUNIS'S CORPORATION agrees to defend, hold and deliver the cargo harmless and on timely based as stated on the confirmation. Written or verbal contract in between VIVA EXPRESS, INC. agent and KUNIS'S CORPORATION against any and all loss or damage claims on each shipment transported by KUNIS'S CORPORATION pursuant to this agreement with no exceptions.

e.      KUNIS'S CORPORATION further agrees to defend and hold harmless VIVA EXPRESS, INC. from any and all liability, costs and damages to person and
/or property arising out of KUNIS'S CORPORATION' operations hereunder, including but not limited to all road, fuel, tariff, toll charges, and taxes, pickup and delivery locations errors, fees or permits, related to the shipments transported by KUNIS'S CORPORATION as arranged by VIVA EXPRESS, INC..

**4.      Insurance and Licensing and Compliance:**

a.      KUNIS'S CORPORATION agrees to be in good standing with DOT, and in this Outsource carriage Agreement. KUNIS'S CORPORATION further agrees to comply with the insurance requirements of the Federal Motor Carrier Safety Administration and the states through which the KUNIS'S CORPORATION operates.

b.      The KUNIS'S CORPORATION agrees to carry cargo, personal injury, death, equipment and general insurance and will promptly reimburse VIVA EXPRESS, INC. for the value of any goods (including containers if applicable) lost or destroyed during the period of KUNIS'S CORPORATION's responsibility under clause (3) (a). All such insurance shall name Viva express, inc., as additional insured.

c.      The KUNIS'S CORPORATION agrees to provide VIVA EXPRESS, INC. with appropriate certification and a copy of each policy of insurance and renewals thereof or other satisfactory evidence that KUNIS'S CORPORATION has obtained insurance in compliance with the requirements and terms of this agreement.

d.      The KUNIS'S CORPORATION will arrange with its broker and/or insurance Carrier(s) that notice of coverage and limits will be sent directly to VIVA EXPRESS, INC., as well and cancellation notices and amendments to coverage(s).

e.      Both Parities recognize that motor contract carrier service is based on the carrier, either:

   i.    Assigning motor vehicles for a continuing period of the time for the exclusive or non-exclusive use of shipper;
   ii.   Providing a service designed to meet the distinct needs of a shipper. The agreement does not contemplate the assignment of motor vehicles under continuing agreements, but this contract arrangement has been designed to meet the distinct needs of the Viva express, inc.

f.      The KUNIS'S CORPORATION shall assume full liability for the actual loss of or injury to the property tendered to the KUNIS'S CORPORATION to negate a possibility of the KUNIS'S CORPORATION moving these goods on released rates with the limitation liability, and paragraph 1, specifically imposes this obligation upon the KUNIS'S CORPORATION that claims shall be settle in accordance with 49 Title of Transportation C. P. R.
Section 1005, and this is also designed to meet the distinct needs of the VIVA EXPRESS, INC. Furthermore VIVA EXPRESS, INC. shall require a single form for the settlement of disputes, and paragraph VI (b) meets this distinct need of the Red Eye Trucking, Inc.

g.      In the event when the KUNIS'S CORPORATION is been offered (section 6c) a higher value load, and or load of non-general in nature such as Electronics, Medical equipment, or Camera Equipment, the KUNIS'S CORPORATION is liable to acquire the proper insurance coverage by increasing the value and or adding the necessary endorsement in order to cover the said given cargo.

5.      Provisions as To the Settlement of Cargo Claims and Other Disputes.

   I.      All Cargo claims shall be settled in accordance w/ the regulation code by Title 49 of Transportation C.P.R. 1005

   II.     All Claims should be in accordance with the laws of the State of California, irrespective of the fact that one or more of the parties now is or may become a resident of a different state.

   III.    and all Disputes; (Jurisdiction and Venue) any lawsuit to interpret of enforce this agreement shall be brought and maintained until concluded by settlement, judgment, verdict, appeal or otherwise in the Circuit Court of Los Angeles County, in Los Angeles, California.

**6.     Compensation, Fees and Charges:**

a.      VIVA EXPRESS, INC. agrees to pay KUNIS'S CORPORATION for the transportation of freight moved under this agreement in accordance with the rates set forth prior to each trip via facsimile, electronic email or text, and or verbally to meet the specific shipping schedules, the KUNIS'S CORPORATION must initial the copy of the change and return via facsimile, prior to loading the shipment. These agreements shall be separately numbered by the load assignment number.

b.      Additional rates or modifications to rates may be established or amended verbally or electronically , in order to meet specific shipping schedules, as mutually agreed, bust such changes shall be sent by the party initiating the change, the proposed change with the initialed approval.

c.      KUNIS'S CORPORATION' confirmation are to be faxed or sent Electronically, in some occasions it may be verbally communicated to the KUNIS'S CORPORATION, in event if the KUNIS'S CORPORATION has not received a copy he should contact the office and request a written copy in a later time.

d.      In the event of KUNIS'S CORPORATION being detained, the first 3 hours is considered to be industry norm, hence VIVA EXPRESS, INC. will not be charged or it would be a provision of this agreement, however after the first 3 hours, KUNIS'S CORPORATION is obligated to notify VIVA EXPRESS, INC. at the time of detention, and the consignee should issue a written receipt of arrival and departure time, and the signed (signature is a full legible name along with signature) copy should be sent to VIVA EXPRESS, INC. immediately before close of the books.

e.      KUNIS'S CORPORATION authorizes Viva express, inc. to invoice shipper, receiver, consignor or consignee for freight charges as agent for and on behalf of KUNIS'S CORPORATION. The Less shall relive shipper, receiver, consignor, or consignee of any liabilities for all payments of all freight charges to KUNIS'S CORPORATION.

f.	Viva express, inc. agrees to pay KUNIS'S CORPORATION for all transportation of the FAK moved under this agreement in accordance with the rate set forth herein or addendum thereto within 30 days after receive of BOL and or POD by VIVA EXPRESS, INC.' Accounting office, The KUNIS'S CORPORATION may choice "Quick Pay "method to be compensated at the time of surrendering the proof of delivery within 48 hours.

**7.	Other Obligations and Ethics:**

a.	Solicitation:  KUNIS'S CORPORATION shall not solicit traffic from any shipper, consignee or customer of VIVA EXPRESS, INC., where (i) the availability of such traffic first became known to KUNIS'S CORPORATION as a result of VIVA EXPRESS, INC.' efforts, or (ii) where the traffic of the shipper, consignor, consignee or customer of the VIVA EXPRESS, INC. was first tendered to the KUNIS'S CORPORATION by the VIVA EXPRESS, INC. If KUNIS'S CORPORATION breaches this agreement and "back solicits" the VIVA EXPRESS, INC.' customers and obtains or attempts to obtain traffic from such a customer, VIVA EXPRESS, INC. then is entitled, for a period of 15 months after the involved traffic first begins to move, to a commission for the KUNIS'S CORPORATION under section 71 of the transportation revenue received on the movement of the traffic.

b.	KUNIS'S CORPORATION agrees that it will not knowingly employ or attempt to employ any of VIVA EXPRESS, INC.' employee for a time period of 90 days after voluntary termination of VIVA EXPRESS, INC. and or the employee' last day of employment and or involvement with VIVA EXPRESS, INC.

c.	This agreement is to become effective upon signature by both parties.

d.	KUNIS'S CORPORATION shall treat as confidential, and not to disclose to third parties, the terms of this agreement or any information concerning the VIVA EXPRESS, INC.'s business including information regarding suppliers, products and customers without in each instance obtaining 's written consent in advance.

e.	All notices given pursuant to this agreement shall be given in writing by certified or registered mail, return receipt requested, and addressed as directed by the parties from time to time.

In Witness Whereof,

The parties have set their hands and seals in this _____day of _____20_____.

VIVA EXPRESS, INC.:					KUNIS'S CORPORATION:

Signature: *Vladimir Siryakov*			Signature: *Ruslan Honchar*

Print:   Vladimir Siryakov				Print:   Ruslan Honchar

Title:   Owner							Title:   Owner

			Date:   06/12/2019						Date:   06/12/2019

Page 6