IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ENGINEERED PLASTIC COMPONENTS,
INC.,

          Plaintiff,

v.

KING OF FREIGHT, LLC and
VIVA EXPRESS, INC.,

          Defendant.

Case No. 6:21-CV-01202-EFM-TJJ

## ANSWER, AFFIRMATIVE DEFENSES, AND CROSSCLAIM OF DEFENDANT
## KING OF FREIGHT, LLC

COMES NOW defendant King of Freight, LLC ("KOF"), by and through its counsel of record, and for its answer and affirmative defenses to plaintiff's Complaint, alleges and states the following:

## PARTIES AND JURISDICTION

1.      With respect to the allegations contained in numerical paragraph 1 of plaintiff's Complaint, KOF is presently without knowledge or information sufficient to form a belief as to the truth of plaintiff's allegations, and therefore it denies same.

2.      With respect to the allegations contained in numerical paragraph 2 of plaintiff's Complaint, KOF admits same.

3.      With respect to the allegations contained in numerical paragraph 3 of plaintiff's Complaint, KOF is presently without knowledge or information sufficient to form a belief as to the truth of plaintiff's allegations, and therefore it denies same.

4.      With respect to the allegations contained in numerical paragraph 4 of plaintiff's Complaint, KOF admits same upon current information and belief.

5.      With respect to the allegations contained in numerical paragraph 5 of plaintiff's Complaint, KOF is presently without knowledge or information sufficient to form a belief as to the truth of plaintiff's allegations, and therefore it denies same.

6.      With respect to the allegations contained in numerical paragraph 6 of plaintiff's Complaint, KOF admits, upon current information and belief, that plaintiff's allegations as to the amount of its alleged damages exceed the threshold for jurisdiction under 28 U.S.C. § 1332(a), although KOF denies that plaintiff is entitled to any of the relief it requests.  KOF further admits that the Court has subject matter jurisdiction as to the Complaint's cause of action under 28 U.S.C. § 1331.  KOF is presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in numerical paragraph 6 of plaintiff's Complaint, and therefore it denies same.

## FACTUAL ALLEGATIONS

7.      With respect to the allegations contained in numerical paragraph 7 of plaintiff's Complaint, KOF admits that plaintiff was the shipper of the subject injection molding machine for thermoplastics (the "Unit").  KOF is presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in numerical paragraph 7 of plaintiff's Complaint, and therefore it denies same.

8.      With respect to the allegations contained in numerical paragraph 8 of plaintiff's Complaint, KOF is presently without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore it denies same.

9.      With respect to the allegations contained in numerical paragraph 9 of plaintiff's Complaint, KOF admits same upon current information and belief.

10.     With respect to the allegations contained in numerical paragraph 10 of plaintiff's Complaint, KOF admits it agreed to provide property brokerage services to plaintiff under the Broker/Shipper Services Agreement (the "Agreement"). KOF is presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in numerical paragraph 10 of plaintiff's Complaint, and therefore it denies same.

11.     With respect to the allegations contained in numerical paragraph 11 of plaintiff's Complaint, KOF is presently without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore it denies same.

12.     With respect to the allegations contained in numerical paragraph 12 of plaintiff's Complaint, KOF admits same upon current information and belief.

13.     With respect to the allegations contained in numerical paragraph 13 of plaintiff's Complaint, KOF admits that it arranged the Unit's transportation by motor carrier Viva Express, Inc. ("Viva"). KOF is presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in numerical paragraph 13 of plaintiff's Complaint, and therefore it denies same.

14.     With respect to the allegations contained in numerical paragraph 14 of plaintiff's Complaint, KOF admits that it arranged the Unit's transportation by motor carrier Viva.  KOF is presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in numerical paragraph 14 of plaintiff's Complaint, and therefore it denies same.

15.     With respect to the allegations contained in numerical paragraph 15 of plaintiff's Complaint, KOF admits same upon current information and belief.

16.     With respect to the allegations contained in numerical paragraph 16 of plaintiff's Complaint, KOF admits that Unit's offloading date was on or about August 22, 2019.  KOF is presently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in numerical paragraph 16 of plaintiff's Complaint, and therefore it denies same.

17.     With respect to the allegations contained in numerical paragraph 17 of plaintiff's Complaint, KOF is presently without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore it denies same.

## COUNT I – RECOVERY UNDER 49 U.S.C. § 14706 (CARMACK AMENDMENT)
### (Viva Express)

18.     With respect to the allegations contained in numerical paragraph 18 of plaintiff's Complaint, KOF incorporates its answers and responses to paragraphs 1 through 17 as if fully set forth herein.

19.     With respect to the allegations contained in numerical paragraph 19 of plaintiff's Complaint, KOF asserts that same do not constitute factual assertions in support of a claim or claims for relief pursuant to FED. R. CIV. P. 8(a) against this defendant, and that no response is therefore required of KOF pursuant to FED. R. CIV. P. 8(b).  In the alternative, in the event it is determined such allegations do constitute factual assertions in support of a claim or claims for relief which require a response of this defendant, KOF is presently without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore it denies same.

20.     With respect to the allegations contained in numerical paragraph 20 of plaintiff's Complaint, KOF asserts that same do not constitute factual assertions in support of a claim or claims for relief pursuant to FED. R. CIV. P. 8(a) against this defendant, and that no response is

therefore required of KOF pursuant to FED. R. CIV. P. 8(b).  In the alternative, in the event it is determined such allegations do constitute factual assertions in support of a claim or claims for relief which require a response of this defendant, KOF is presently without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore it denies same.

21.     With respect to the allegations contained in numerical paragraph 21 of plaintiff's Complaint, KOF asserts that same do not constitute factual assertions in support of a claim or claims for relief pursuant to FED. R. CIV. P. 8(a) against this defendant, and that no response is therefore required of KOF pursuant to FED. R. CIV. P. 8(b).  In the alternative, in the event it is determined such allegations do constitute factual assertions in support of a claim or claims for relief which require a response of this defendant, KOF is presently without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore it denies same.

22.     With respect to the allegations contained in numerical paragraph 22 of plaintiff's Complaint, KOF asserts that same do not constitute factual assertions in support of a claim or claims for relief pursuant to FED. R. CIV. P. 8(a) against this defendant, and that no response is therefore required of KOF pursuant to FED. R. CIV. P. 8(b).  In the alternative, in the event it is determined such allegations do constitute factual assertions in support of a claim or claims for relief which require a response of this defendant, KOF is presently without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore it denies same.  KOF further denies that plaintiff is entitled to any of the relief requested in the "WHEREFORE" clause following numerical paragraph 22 of plaintiff's Complaint, or to any relief whatsoever as against KOF.

## COUNT II – BREACH OF CONTRACT
**(King of Freight)**

23.    With respect to the allegations contained in numerical paragraph 23 of plaintiff's Complaint, KOF incorporates its answers and responses to paragraphs 1 through 22 as if fully set forth herein.

24.    With respect to the allegations contained in numerical paragraph 24 of plaintiff's Complaint, KOF admits same upon current information and belief.

25.    With respect to the allegations contained in numerical paragraph 25 of plaintiff's Complaint, KOF is presently without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore it denies same.

26.    With respect to the allegations contained in numerical paragraph 26 of plaintiff's Complaint, KOF denies same.

27.    With respect to the allegations contained in numerical paragraph 27 of plaintiff's Complaint, KOF denies same.  KOF further denies that plaintiff is entitled to any of the relief requested in the "WHEREFORE" clause following numerical paragraph 27 of plaintiff's Complaint, or to any relief whatsoever as against KOF.

## COUNT III – NEGLIGENT SELECTION OF CARRIER
**(King of Freight)**

28.    With respect to the allegations contained in numerical paragraph 28 of plaintiff's Complaint, KOF incorporates its answers and responses to paragraphs 1 through 27 as if fully set forth herein.

29.    With respect to the allegations contained in numerical paragraph 29 of plaintiff's Complaint, KOF admits that under the Agreement, broker KOF undertook to arrange the Unit's motor transportation.  KOF is presently without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations contained in numerical paragraph 29 of plaintiff's Complaint, and therefore it denies same.

30.    With respect to the allegations contained in numerical paragraph 30 of plaintiff's Complaint, KOF denies same.

31.    With respect to the allegations contained in numerical paragraph 31 of plaintiff's Complaint, KOF denies same.  KOF further denies that plaintiff is entitled to any of the relief requested in the "WHEREFORE" clause following numerical paragraph 31 of plaintiff's Complaint, or to any relief whatsoever as against KOF.

## COUNT IV – BREACH OF THIRD-PARTY BENEFICIARY CONTRACT
### (Viva Express)

32.    With respect to the allegations contained in numerical paragraph 32 of plaintiff's Complaint, KOF incorporates its answers and responses to paragraphs 1 through 31 as if fully set forth herein.

33.    With respect to the allegations contained in numerical paragraph 33 of plaintiff's Complaint, KOF asserts that same do not constitute factual assertions in support of a claim or claims for relief pursuant to FED. R. CIV. P. 8(a) against this defendant, and that no response is therefore required of KOF pursuant to FED. R. CIV. P. 8(b).  In the alternative, in the event it is determined such allegations do constitute factual assertions in support of a claim or claims for relief which require a response of this defendant, KOF is presently without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore it denies same.

34.    With respect to the allegations contained in numerical paragraph 34 of plaintiff's Complaint, KOF asserts that same do not constitute factual assertions in support of a claim or claims for relief pursuant to FED. R. CIV. P. 8(a) against this defendant, and that no response is

therefore required of KOF pursuant to FED. R. CIV. P. 8(b).  In the alternative, in the event it is determined such allegations do constitute factual assertions in support of a claim or claims for relief which require a response of this defendant, KOF is presently without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore it denies same.

35.     With respect to the allegations contained in numerical paragraph 35 of plaintiff's Complaint, KOF asserts that same do not constitute factual assertions in support of a claim or claims for relief pursuant to FED. R. CIV. P. 8(a) against this defendant, and that no response is therefore required of KOF pursuant to FED. R. CIV. P. 8(b).  In the alternative, in the event it is determined such allegations do constitute factual assertions in support of a claim or claims for relief which require a response of this defendant, KOF is presently without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore it denies same.

36.     With respect to the allegations contained in numerical paragraph 36 of plaintiff's Complaint, KOF asserts that same do not constitute factual assertions in support of a claim or claims for relief pursuant to FED. R. CIV. P. 8(a) against this defendant, and that no response is therefore required of KOF pursuant to FED. R. CIV. P. 8(b).  In the alternative, in the event it is determined such allegations do constitute factual assertions in support of a claim or claims for relief which require a response of this defendant, KOF is presently without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore it denies same.

37.     With respect to the allegations contained in numerical paragraph 37 of plaintiff's Complaint, KOF asserts that same do not constitute factual assertions in support of a claim or

claims for relief pursuant to FED. R. CIV. P. 8(a) against this defendant, and that no response is therefore required of KOF pursuant to FED. R. CIV. P. 8(b).  In the alternative, in the event it is determined such allegations do constitute factual assertions in support of a claim or claims for relief which require a response of this defendant, KOF is presently without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore it denies same.

38.    With respect to the allegations contained in numerical paragraph 38 of plaintiff's Complaint, KOF asserts that same do not constitute factual assertions in support of a claim or claims for relief pursuant to FED. R. CIV. P. 8(a) against this defendant, and that no response is therefore required of KOF pursuant to FED. R. CIV. P. 8(b).  In the alternative, in the event it is determined such allegations do constitute factual assertions in support of a claim or claims for relief which require a response of this defendant, KOF is presently without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore it denies same.   KOF further denies that plaintiff is entitled to any of the relief requested in the "WHEREFORE" clause following numerical paragraph 38 of plaintiff's Complaint, or to any relief whatsoever as against KOF.

### COUNT V – NEGLIGENT SELECTION OF SUBCONTRACTOR
### (Viva Express)

39.    With respect to the allegations contained in numerical paragraph 39 of plaintiff's Complaint, KOF incorporates its answers and responses to paragraphs 1 through 38 as if fully set forth herein.

40.    With respect to the allegations contained in numerical paragraph 40 of plaintiff's Complaint, KOF asserts that same do not constitute factual assertions in support of a claim or claims for relief pursuant to FED. R. CIV. P. 8(a) against this defendant, and that no response is

therefore required of KOF pursuant to FED. R. CIV. P. 8(b).  In the alternative, in the event it is determined such allegations do constitute factual assertions in support of a claim or claims for relief which require a response of this defendant, KOF is presently without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore it denies same.

41.    With respect to the allegations contained in numerical paragraph 41 of plaintiff's Complaint, KOF asserts that same do not constitute factual assertions in support of a claim or claims for relief pursuant to FED. R. CIV. P. 8(a) against this defendant, and that no response is therefore required of KOF pursuant to FED. R. CIV. P. 8(b).  In the alternative, in the event it is determined such allegations do constitute factual assertions in support of a claim or claims for relief which require a response of this defendant, KOF is presently without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore it denies same.

42.    With respect to the allegations contained in numerical paragraph 42 of plaintiff's Complaint, KOF asserts that same do not constitute factual assertions in support of a claim or claims for relief pursuant to FED. R. CIV. P. 8(a) against this defendant, and that no response is therefore required of KOF pursuant to FED. R. CIV. P. 8(b).  In the alternative, in the event it is determined such allegations do constitute factual assertions in support of a claim or claims for relief which require a response of this defendant, KOF is presently without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore it denies same.

43.    With respect to the allegations contained in numerical paragraph 43 of plaintiff's Complaint, KOF asserts that same do not constitute factual assertions in support of a claim or

claims for relief pursuant to FED. R. CIV. P. 8(a) against this defendant, and that no response is therefore required of KOF pursuant to FED. R. CIV. P. 8(b).  In the alternative, in the event it is determined such allegations do constitute factual assertions in support of a claim or claims for relief which require a response of this defendant, KOF is presently without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore it denies same.  KOF further denies that plaintiff is entitled to any of the relief requested in the "WHEREFORE" clause following numerical paragraph 43 of plaintiff's Complaint, or to any relief whatsoever as against KOF.

## COUNT VI – NEGLIGENCE
### (Viva Express)

44.    With respect to the allegations contained in numerical paragraph 44 of plaintiff's Complaint, KOF incorporates its answers and responses to paragraphs 1 through 43 as if fully set forth herein.

45.    With respect to the allegations contained in numerical paragraph 45 of plaintiff's Complaint, KOF asserts that same do not constitute factual assertions in support of a claim or claims for relief pursuant to FED. R. CIV. P. 8(a) against this defendant, and that no response is therefore required of KOF pursuant to FED. R. CIV. P. 8(b).  In the alternative, in the event it is determined such allegations do constitute factual assertions in support of a claim or claims for relief which require a response of this defendant, KOF is presently without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore it denies same.

46.    With respect to the allegations contained in numerical paragraph 46 of plaintiff's Complaint, KOF asserts that same do not constitute factual assertions in support of a claim or claims for relief pursuant to FED. R. CIV. P. 8(a) against this defendant, and that no response is

therefore required of KOF pursuant to FED. R. CIV. P. 8(b).  In the alternative, in the event it is determined such allegations do constitute factual assertions in support of a claim or claims for relief which require a response of this defendant, KOF is presently without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore it denies same.

47.     With respect to the allegations contained in numerical paragraph 47 of plaintiff's Complaint, KOF asserts that same do not constitute factual assertions in support of a claim or claims for relief pursuant to FED. R. CIV. P. 8(a) against this defendant, and that no response is therefore required of KOF pursuant to FED. R. CIV. P. 8(b).  In the alternative, in the event it is determined such allegations do constitute factual assertions in support of a claim or claims for relief which require a response of this defendant, KOF is presently without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore it denies same.

48.     With respect to the allegations contained in numerical paragraph 48 of plaintiff's Complaint, KOF asserts that same do not constitute factual assertions in support of a claim or claims for relief pursuant to FED. R. CIV. P. 8(a) against this defendant, and that no response is therefore required of KOF pursuant to FED. R. CIV. P. 8(b).  In the alternative, in the event it is determined such allegations do constitute factual assertions in support of a claim or claims for relief which require a response of this defendant, KOF is presently without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore it denies same.  KOF further denies that plaintiff is entitled to any of the relief requested in the "WHEREFORE" clause following numerical paragraph 48 of plaintiff's Complaint, or to any relief whatsoever as against KOF.

49.     KOF denies each and every factual allegation and legal conclusion not otherwise specifically denied, effectively denied, or specifically admitted.

## AFFIRMATIVE DEFENSES

50.     For its other and further answer and defense, KOF alleges and states that plaintiff has failed to state a claim upon which relief may be granted.

51.     For its other and further answer and defense, KOF alleges and states that plaintiff, its agents, representatives, assignees, or predecessors-in-interest did not exercise ordinary care, caution, or prudence to avoid the alleged loss and the alleged loss, if any.

52.     For its other and further answer and defense, KOF alleges and states that any alleged damages were caused or contributed to be caused by the negligence or other fault of plaintiff or others over whom KOF had no control, and for which the KOF bears no imputed responsibility, thereby barring or diminishing plaintiff's pretended right of recovery as against KOF, pursuant to K.S.A. 60-258a.

53.     For its other and further answer and defense, KOF alleges and states that the cause of the alleged loss or damage, if any, was because of the negligence or fault of third parties for which KOF is not liable, including a superseding cause or causes for which KOF has no liability. That negligence or fault bars plaintiff's pretended right of recovery from KOF or comparatively reduces the percentage of fault, if any, of KOF.

54.     For its other and further answer and defense, KOF alleges and states that plaintiff's damages, if any, are not of the nature and extent alleged.

55.     For its other and further answer and defense, KOF alleges and states that plaintiff failed to mitigate the alleged damages and plaintiff's recovery in this action, if any, should reflect

a diminution in a sum equivalent to that portion of plaintiff's damages that each of the above persons could have mitigated..

56.    For its other and further answer and defense, KOF alleges and states that if any loss or damage did occur to the subject cargo, then none of that loss or damage was caused or contributed to by any negligence, fault, or breach by KOF, but rather from a cause or causes from which KOF is expressly exempted or limited from liability under the laws or contracts applicable to the transportation, storage, or the handling of the subject cargo or to the services that KOF provided. KOF claims all rights, exemptions, limitations, and defenses under the applicable laws or contracts.

57.    For its other and further answer and defense, KOF alleges and states that KOF is not liable for special or consequential damages under the applicable laws, contracts, terms and conditions of service, tariffs, bills of lading, waybills, or at common law.

58.    For its other and further answer and defense, KOF alleges and states that KOF has no liability to plaintiff under the doctrine of waiver.

59.    For its other and further answer and defense, KOF alleges and states that KOF has no liability to plaintiff under the doctrine of estoppel.

60.    For its other and further answer and defense, KOF alleges and states that KOF has no liability to plaintiff because of its acquiescence to the circumstances surrounding the alleged loss.

61.    For its other and further answer and defense, KOF alleges and states that plaintiff's Complaint is barred because of the failure to file a timely written notice of claim under the laws, contracts, terms and conditions of service, tariffs, bills of lading, or waybills applicable to the transportation, the storage, or handling of the subject cargo.

62.     For its other and further answer and defense, KOF alleges and states that plaintiff's claims against KOF are barred under the applicable statute of limitations or contractual limitations period.

63.     For its other and further answer and defense, KOF alleges and states that KOF has no liability to plaintiff because of the occurrence of a force majeure event, act of God, an irresistible superhuman cause, or other event beyond KOF' control.

64.     For its other and further answer and defense, KOF alleges and states that plaintiff lacks standing to assert the causes of action in its Complaint, which the Court should therefore dismiss.

65.     For its other and further answer and defense, KOF alleges and states that KOF has no liability to EPC under the doctrine of unclean hands.

66.     For its other and further answer and defense, KOF incorporates by reference the terms and conditions of the Agreement as if they were fully set forth herein.

67.     For its other and further answer and defense, KOF alleges and states that no act or omission of KOF was the proximate cause of plaintiff's alleged damages.

68.     For its other and further answer and defense, KOF alleges and states that any liability against it, which is expressly denied, is limited by all other limitations on damages set forth in Kansas law not otherwise specifically plead herein.

69.     For its other and further answer and defense, KOF alleges and states that it met all contractual obligations to plaintiff.

70.     For its other and further answer and defense, KOF alleges and states that plaintiff has failed to state a cause of action or otherwise plead facts establishing plaintiff is entitled to recover its costs or interest.

71.     For its other and further answer and defense, KOF alleges and states that to the extent plaintiff has received any other settlements, or monies for the same or similar damages pled by plaintiff, that KOF be provided a credit and/or offset in the amount of the monies.

72.     For its other and further answer and defense, KOF alleges and states its rights and entitlements to contribution from any other responsible third parties in this case, and any other remedies available under Kansas Law.  Further, KOF seeks contribution and/or indemnity from any and all responsible third-parties whose acts or omissions were a proximate and/or producing cause or, in the alternative, the proximate and/or producing cause of plaintiffs' damages.

73.     KOF reserves the right to amend, supplement or otherwise modify its answer as warranted by ongoing investigation and discovery, and conforming to the issues formed at trial through the presentation of evidence.

WHEREFORE, having answered plaintiff's Complaint, KOF requests that the Court deny plaintiff the relief requested, that plaintiff go hence with its costs, and, that the KOF have such other and further relief as the Court deems just and equitable.

## CROSSCLAIM

COMES NOW defendant/crossclaimant King of Freight, LLC ("KOF"), by and through its counsel of record, and brings the following crossclaim against defendant Viva Express, Inc. ("Viva"), and in support thereof, alleges and states the following:

## JURISDICTION

1.      The Court has supplemental jurisdiction over this crossclaim because the cross-defendant Viva is or may be liable to KOF for all or part of the claims the plaintiff has alleged in its Complaint against KOF in this action. *See* Fed. R. Civ. P. 13(g), 28 U.S.C. § 1367(a).

**GENERAL ALLEGATIONS**

2.      KOF is and, at all material times, was a Kansas limited liability company.

3.      KOF is informed and believes and, on that basis alleges, that at all material times, defendant and cross-defendant Viva was an Illinois corporation and motor carrier with licensing from the Federal Motor Carrier Safety Administration.

4.      Plaintiff Engineered Plastic Components, Inc. ("EPC") has filed a Complaint in this Court against KOF and Viva alleging that they have caused damage to EPC arising out of the alleged damage to cargo consisting of an injection molding machine for thermoplastics (the "Cargo").

5.      KOF has responded to EPC's Complaint by denying any liability on its part and by asserting various affirmative defenses.

6.      KOF is informed and believes and, on that basis alleges, that Viva was negligent or in breach of contract or in some other manner legally responsible for proximately causing the damage to the Cargo and the damages that EPC has alleged in its Complaint.

**COUNT I – EQUITABLE INDEMNIFICATION AGAINST VIVA**

7.      KOF realleges and incorporates by reference paragraphs 1 through 6, inclusive, of its crossclaim.

8.      KOF is informed and believes and, on that basis, alleges that it is in no way responsible for the injuries or damages that EPC has alleged in its Complaint; however, if KOF were nevertheless found liable under any legal theory for any damages or injuries alleged in the Complaint, then KOF is informed and believes and, on that basis, alleges that the negligent or other actionable conduct or activity of Viva was active, primary, and affirmative, and that any negligent

or other actionable conduct or activity on the part of KOF, if any, was at most only passive, derivative, and secondary.

9.     Accordingly, if KOF were to be held liable for all or any part of the claims that EPC has alleged, then KOF would be entitled to total or partial indemnification from Viva so that KOF could recover from them all sums that KOF must pay to EPC, or any sum over KOF's proportionate share of liability, if any.

10.    Because of EPC's allegations, KOF has incurred or paid expenses for the defense of the Complaint in this action, including attorneys' fees, court costs, and related expenses, and will incur future attorneys' fees, court costs, related expenses, and may incur future damages because of a judgment or settlement in this action.

11.    Based on the above, KOF is entitled to indemnity from Viva for KOF's attorneys' fees, court costs, expenses, and damages that KOF has paid or incurred.

12.    The above fees, costs, expenses, and damages are continuing and in amounts presently unknown to KOF, which prays for leave to amend its crossclaim to assert the actual amount of such expenses when KOF has ascertained them.

## COUNT II – CONTRIBUTION AGAINST VIVA

13.    KOF realleges and incorporates by reference paragraphs 1 through 12, inclusive, of its crossclaim.

14.    KOF is informed and believes and, on that basis, alleges that it is in no way responsible for the injuries or damages alleged in EPC's Complaint; however, if KOF were nevertheless found liable under any legal theory for any damages or injuries alleged in the Complaint, then KOF is informed and believes and, on that basis, alleges that the negligent or other

actionable conduct or activity of Viva was a substantial factor in causing EPC's damages and injuries, if any.

15.    Because of EPC's allegations, KOF will be damaged to the extent that it must pay any sums over its proportionate share of liability, if any, as the trier of fact may assess.

16.    Accordingly, if KOF were to be held liable for any part of the claims asserted against it, then KOF would be entitled to contribution by Viva in proportion to its share of the liability, so that KOF would avoid payment of any sums to EPC, or any sum over KOF' proportionate share of liability, if any.

17.    Because of EPC's allegations, KOF has incurred or paid expenses for the defense of the Complaint in this action, including attorneys' fees, court costs, and related expenses, and will incur future attorneys' fees, court costs, related expenses, and may incur future damages because of a judgment or settlement in this action.

18.    Based on the above, KOF is entitled to indemnity from Viva for KOF's attorneys' fees, court costs, expenses, and damages that KOF has paid or incurred.

19.    The above fees, costs, expenses, and damages are continuing and in amounts presently unknown to KOF, which prays for leave to amend its crossclaim to assert the actual amount of such expenses when KOF has ascertained them.

WHEREFORE, KOF pray that the Court find in its favor against defendant Viva and enter judgment on its crossclaim as follows:

1.    For a judgment against defendant Viva by way of total indemnification for any sum the Court may adjudge against KOF;

2.    For a judgment against defendant Viva by way of partial equitable indemnification or contribution, according to proof of contributory or comparative liability for any sum the Court

may adjudge against KOF, which sum exceeds the proportionate share of KOF's liability, if any, as the trier of fact may assess;

3.     For a judgment against defendant Viva for the attorneys' fees, court costs, expenses, and damages KOF has paid or incurred in the litigation against EPC and other parties, and expense and other costs of suit KOF has incurred in this action; and

4.     For such other relief the Court may deem just and proper.

Respectfully submitted,

HINKLE LAW FIRM LLC
1617 N. Waterfront Parkway, Suite 400
Wichita, Kansas  67206-6639
TEL: (316) 267-2000/ FAX: (316) 264-1518

/s/ Paul J. Skolaut
Paul J. Skolaut, #22143
jskolaut@hinklaw.com
J. Philip Davidson, #14642
pdavidson@hinklaw.com
**Attorneys for Defendant**
**King of Freight, LLC**

## DEMAND FOR JURY TRIAL

COMES NOW the defendant/crossclaimant, King of Freight, LLC, Inc., by and through its

counsel of record, and demands a trial by jury on all of the issues in the above-captioned case.

/s/ Paul J. Skolaut
Paul J. Skolaut, #22143
**Attorney for Defendant**
**King of Freight, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2021, I electronically filed the foregoing **Answer, Affirmative Defenses, and Crossclaim of Defendant King of Freight, LLC** with the clerk of the court using the CM/ECF system which will send a notice of electronic filing to the following:

Blake A. Shuart, #24463
Blake.shuart@huttonlaw.com
HUTTON & HUTTON
8100 East 22nd Street North, Building 1200
Wichita, Kansas 67226
TEL: (316) 688-1166

Gary D. Goudelock, Jr., *pro hac vice*
Nicholas J. Gral, *pro hac vice*
WHITFIELD & EDDY, P.L.C.
699 Walnut Street, Suite 2000
Des Moines, Iowa 50309
TEL: (515) 288-6041
**Attorney for Plaintiff**

/s/ Paul J. Skolaut
Paul J. Skolaut, #22143